JOHN M. G. PARKER *vs.* ATIS OSGOOD & Trustee.

A written promise to pay money to " A or B," given in settlement of a debt from the promisor to A, is a payment of the debt, and the promisor cannot, after being sued thereon by A and B jointly, be charged as trustee of A alone on the original debt.

GEORGE W. PEARSONS, being summoned as trustee of Atis Osgood in an action commenced on the 9th of September 1853, in his answer stated that he had no goods, effects, or credits in his hands, unless it should be otherwise adjudged by the court upon the following facts: On the 16th of August 1853 he and Atis Osgood accounted together, and a balance of $181.88 was found due from him to Atis, " for which balance or in payment thereof" he gave the due bill or note set forth in the next preceding case, (*ante*, 455,) on which, on the 8th of September 1853, Atis Osgood and William F. Osgood brought that action against him. This case was argued before that one was decided.

*B. F. Butler*, for the plaintiff. The trustee's answer discloses an indebtment between the parties upon a settlement evidenced

by a promissory note not negotiable, which is no answer to the process. Rev. Sts. *c.* 109, § 30.

*A. R. Brown,* for the trustee.

Thomas, J. This is an action against Atis Osgood, one of the plaintiffs in the preceding suit, in which the promisor is summoned as his trustee. He discloses in his answer a settlement with Atis, and the giving of the written promise, and the institution of the suit by Atis and William F. against him. This promise of payment to Atis and William F. or either of them, must be held to be payment of the original debt, and the maintenance of that suit a discharge of the defendant in that suit as trustee in this. *Trustee discharged.*